## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JASON SPRADLIN, AS PERSONAL
REPRESENTATIVE FO THE WRONGFUL
DEATH ESTATE OF DOUGLAS A.
SPRADLIN, JR., DECEASED,

                     **Plaintiff,**

vs.                                           **Civ. No.  12-471  JCH/CG**

FUNDAMENTAL ADMINISTRATIVE
SERVICES, L.L.C., FUNDAMENTAL
CLINICAL CONSULTING, L.L.C., and
JAIME ANDUJO,

                     **Defendants.**

## MEMORANDUM OPINION AND ORDER

      This matter, a wrongful death and negligence case, is before the Court on three motions: (1)

*Plaintiff's Motion to Remand* [Doc. 15]; (2) *Defendant's Motion to Compel Arbitration and Stay*

*Proceedings* [Doc. 18], and (3) *Defendants' Motion to Strike Declaration of Loren G. Lipson, M.D.*

*and Other Documents and Arguments Incorporated by Plaintiff's Response to Defendants' Motion*

*to Compel Arbitration and Stay Proceedings* [Doc. 28].  After consideration of the evidence, the

briefs, and the applicable legal authorities, the Court concludes that it has subject matter jurisdiction

and accordingly the motion to remand the case to state district court should be denied.  In addition,

the Court concludes that Defendants' motion to compel arbitration is well taken and should be

granted, rendering the Defendants' motion to strike moot.

## ALLEGATIONS OF THE COMPLAINT AND NOTICE OF REMOVAL

      According to Plaintiff's Complaint, on approximately August 31, 2006, Douglas A. Spradlin,

Jr. was admitted as a resident to a skilled nursing facility known as the Hobbs Healthcare Center in Hobbs, New Mexico. Doc. 1-1 at ¶¶ 1, 21.  Mr. Spradlin remained there until March 6, 2009, just five days before his death.  *Id*. at ¶¶ 1, 21.  Mr. Spradlin suffered from dementia and chronic obstructive pulmonary disease.  *Id*. at ¶ 22. As a result of Mr. Spradlin's condition, he required supervision, close monitoring, and medical attention to ensure his health and well-being.  *Id*. at ¶ 23.  Defendants owned, operated, or managed Hobbs Healthcare Center.  *Id*. at ¶ 4. Despite Defendants' knowledge of Mr. Spradlin's multiple risks, they failed to provide him with the necessary monitoring, supervision, care and treatment. *Id*. at ¶¶ 24-35.  As a result, Mr. Spradlin developed infections, suffered from nutritional deficiencies, and fell on multiple occasions.  *Id*.  He suffered injuries, including a right hip fracture, and ultimately died.  *Id*.  On June 29, 2011, Plaintiff, Mr. Spradlin's son, filed his Complaint in this case asserting claims for wrongful death, negligence, negligence per se, misrepresentation, violation of the New Mexico Unfair Practices Act, and punitive damages.  As further explained below, the case currently pending before the Court will be referred to as *Spradlin II.*

In their notice of removal, Defendants allege that this Court has diversity jurisdiction in accordance with 28 U.S.C. § 1332(a).  Doc. 1 at ¶ 1.  The Defendants aver that there is complete diversity among the parties, as Plaintiff is effectively a citizen of New Mexico, *id*. at ¶ 5, while Defendants are all citizens of different states.  See Doc. 1 at ¶ 6 (Fundamental Administrative Services, L.L.C. is a citizen of New York and New Jersey); ¶ 7 (Fundamental Clinical Consulting, L.L.C. is a citizen of Delaware and Maryland); and ¶ 8 (Jaime Andujo is a resident and citizen of Texas).  Defendants also aver that, due to the nature of Plaintiffs' claims, more than $75,000 is at issue in the case, a fact which Plaintiff has admitted.  *Id*. at ¶ 10-13.

2

## PROCEDURAL HISTORY

This case is the third lawsuit arising from the death of Mr. Spradlin.  On June 29, 2011, Plaintiff Jason Spradlin brought the first action, in his capacity as a Personal Representative of the wrongful death beneficiaries of his father, Douglas A. Spradlin, Jr., against Defendants THI of New Mexico at Hobbs Center, LLC; THI of New Mexico, LLC; THI of Baltimore, Inc.; Fundamental Long Term Care Holdings, LLC; Trans Healthcare, Inc.; Murray Forman; Leonard Grunstein; Eric McElmore; David Stroud; and Does 1-250 (hereafter, "*Spradlin I*").  Plaintiff filed *Spradlin I* in the First Judicial District Court, Santa Fe County, New Mexico.   As here, Plaintiff asserted claims of wrongful death, negligence, negligence per se, misrepresentation, violation of the New Mexico Unfair Practices Act, and punitive damages.   According to the Defendants, the underlying allegations in *Spradlin I* are virtually identical to those set forth in the complaint in this case.

On September 6, 2011, Defendants THI of New Mexico at Hobbs Center, LLC and THI of New Mexico, LLC filed a separate federal action against Jason Spradlin to compel arbitration.  The federal action was filed in the United States District Court for the District of New Mexico, Case No. 2:11-CV-00792-MV-LAM (hereafter, "the arbitration case"), and was eventually assigned to Judge Martha Vázquez of this Court.  While the plaintiffs in that case moved to compel arbitration, Jason Spradlin moved to dismiss for lack of subject matter jurisdiction, contending that complete diversity was absent.  On November 17, 2011, the New Mexico State Court issued an order in *Spradlin I* staying the proceedings pursuant to NMSA 1978, § 44-7A-8(f) until the federal district court resolved the motion to compel arbitration in the arbitration case.

On March 8, 2012, Plaintiff Jason Spradlin brought a second state court action, "*Spradlin II*," again in his capacity as a Personal Representative of the wrongful death beneficiaries of his father, Douglas A. Spradlin, Jr., against three new nursing home defendants: Fundamental

3

Administrative Services, LLC; Fundamental Clinical Consulting, LLC; and Jaime Andujo. Although the complaint names different defendants, the complaint in *Spradlin II* is virtually identical to that in *Spradlin I* and asserts the same causes of action.  On May 7, 2012, Defendants Fundamental Administrative Services, LLC and Fundamental Clinical Consulting, LLC removed *Spradlin II* to this  federal district court, where it was eventually assigned to the undersigned federal district judge.

On September 25, 2012, Judge Vázquez entered a Memorandum Opinion and Order in the arbitration case denying Jason Spradlin's motion to dismiss, granting the nursing home plaintiffs' motion to compel arbitration, and entering judgment in favor of the plaintiffs.  *THI of New Mexico at Hobbs Center, LLC v. Spradlin*, --- F. Supp. 2d ----, 2012 WL 4466639 (D.N.M. Sept., 25, 2012). Plaintiff has appealed that decision to the United States Court of Appeals for the Tenth Circuit.  To this Court's knowledge, *Spradlin I* remains stayed in the First Judicial District Court, Santa Fe County, New Mexico.

## DISCUSSION

### I.    MOTION TO REMAND

In their Notice of Removal [Doc. 1], the Defendants removed the case to this Court on the basis of diversity jurisdiction.  "Under 28 U.S.C. § 1332, a party must show that complete diversity of citizenship exists between the adverse parties and that the amount in controversy exceeds $75,000."  *Symes v. Harris*, 472 F.3d 754, 758 (10th Cir. 2006).  The Notice of Removal appears to sufficiently demonstrate a factual basis for the allegation that both the requirements of complete diversity and amount in controversy are satisfied.

In his motion to remand, Plaintiff does not dispute that the case satisfies the requirements

for diversity jurisdiction.  Instead, Plaintiff argues that this Court should exercise its "broad discretion to remand to state court a removed case" in order to serve "principles of judicial economy procedural convenience, fairness to litigants, and comity," as well as "equitable and practical considerations."  Doc. 15 at 5.  However, the cases that Plaintiff cites do not support his position. For example, in *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343 (1988), the case was in federal court not under diversity jurisdiction, but federal question jurisdiction.  Thus, the issue was whether or not the federal court should remand the case after the federal question was eliminated, thereby leaving only state law claims over which it had supplemental jurisdiction.  The Supreme Court stated, "When the balance of these factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice."  *Id*. at 350 (footnote omitted).  That is not the case here, where the Court has original jurisdiction, through § 1332, over all of Plaintiff's claims—the discretion to exercise supplemental jurisdiction is not at issue.  In other words, in *Cohill* the Supreme Court recognized that diversity jurisdiction, unlike supplemental jurisdiction, is "not discretionary."  *Id*. at 356.

Plaintiff's reliance on *Archuleta v. Lacuesta*, 131 F.3d 1359 (10th Cir. 1997) is similarly misplaced.  In that case, the issue was "whether the presence of claims barred by the Eleventh Amendment requires remand of an entire civil case to the state court from which it was removed, or only remand of the claims barred by the Eleventh Amendment." *Id*. at 1362.  Ultimately, the Tenth Circuit did not reach the issue because it lacked jurisdiction to review the remand order.  *Id*. However, nothing in the Tenth Circuit's opinion expresses approval of a remand based only upon "equitable and practical considerations."  Nor is this a case of "piecemeal removal," as Plaintiff suggests.  Here, the nursing home defendants removed *Spradlin II* in its entirety.  The fact that

5

related litigation between Plaintiff and other defendants is pending in state court is not relevant. Plaintiff is the master of his complaint, and he has chosen to pursue his claims in two separate lawsuits. That decision may have created piecemeal litigation, but removal of *Spradlin II* to this court did not do so.

In *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996), the Court noted that federal district courts "have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *See also Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 821 (1976) ("[F]ederal courts have a 'virtually unflagging obligation ... to exercise the jurisdiction given them' "). While this duty is not absolute, Plaintiff comes forward with no exceptional circumstances, such as the application of any abstention doctrine, requiring remand. Accordingly, the motion to remand will be denied.

## II.     MOTION TO COMPEL ARBITRATION

Defendants move to compel arbitration of Plaintiff's claims in accordance with the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 et seq. However, they also move to stay this case pending a decision by Judge Vázquez in the arbitration case, "because (1) the two cases are virtually identical; (2) the two cases are subject to the same arbitration decision; and (3) the interests of judicial economy, efficiency and fair play dictate that this proceeding be stayed until the *Spradlin I* Arbitration Motion is decided because, if it is granted, that ruling should apply to this case and entitle Defendants to enforce the arbitration agreement as well." Doc. 18 at 2. For his part, Plaintiff agrees with the need for a stay pending a decision by Judge Vázquez, arguing: "If this Court is disinclined to grant Plaintiff's Motion to Remand, Plaintiff agrees that a ruling on Defendants' Motion to Compel Arbitration should be deferred until Judge Vázquez decides the *Spradlin I* arbitration motion. The enforceability of the identical arbitration agreement and the circumstances

surrounding its execution are at issue in *Spradlin I*." Doc. 25 at 5.   Because Judge Vázquez has ruled on the motion to compel arbitration in the arbitration case, *see THI of New Mexico at Hobbs Center, LLC v. Spradlin*, --- F. Supp. 2d ----, 2012 WL 4466639 (D.N.M. Sept., 25, 2012), the portion of the motion requesting a stay is moot and will be denied as such.

  It appears that both the Plaintiff and the Defendants agree that the facts and legal issues surrounding the motions to compel arbitration in the arbitration case and in this case are identical. In both cases, Plaintiff Jason Spradlin argued that the nursing home defendants breached their fiduciary duty to Mr. Spradlin; that the arbitration agreement is an unconscionable, unenforceable contract of adhesion; that the arbitration contract has been rendered impossible to perform; and that the contract is unenforceable as to Mr. Spradlin's beneficiaries under the New Mexico Wrongful Death Act.   Both sides have incorporated the arguments they made in that case into their arguments here.   In light of that fact, the Court turns to Judge Vázquez's decision in the arbitration case and finds that it is well-reasoned and persuasive.   Judge Vázquez addressed each argument raised by the Plaintiff, and the Court agrees with her conclusions.   Accordingly, the Court adopts the reasoning set forth in *THI of New Mexico at Hobbs Center, LLC v. Spradlin*, --- F. Supp. 2d ----, 2012 WL 4466639 (D.N.M. Sept., 25, 2012), and for the reasons stated therein will grant the motion to compel arbitration.

  **IT IS THEREFORE ORDERED** that:

(1) *Plaintiff's Motion to Remand* [Doc. 15] is **DENIED**;

(2) *Defendant's Motion to Compel Arbitration and Stay Proceedings* [Doc. 18] is **GRANTED IN PART** and **DENIED IN PART AS MOOT**; and

(3) *Defendants' Motion to Strike Declaration of Loren G. Lipson, M.D. and Other Documents*

*and Arguments Incorporated by Plaintiff's Response to Defendants' Motion to Compel*

*Arbitration and Stay Proceedings* [Doc. 28] is **DENIED AS MOOT**.


_____
**UNITED STATES DISTRICT JUDGE**